```
 1  MELINDA HAAG (CABN 132612)
    United States Attorney
 2
    DAVID R. CALLAWAY (CABN 121782)
 3  Chief, Criminal Division

 4  KELSEY C. LINNETT (CABN 274547)
    Special Assistant United States Attorney
 5       1301 Clay Street, Suite 340-S
         Oakland, California 94612
 6       Telephone: (510) 637-3932
         Facsimile: (510) 637-3724
 7       E-mail:    kelsey.linnett2@usdoj.gov

 8  Attorneys for the United States of America
```

FILED

AUG 19 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-70975 MAG |
| Plaintiff, | MODIFIED [PROPOSED] ORDER OF DETENTION |
| v. | |
| EDUARDO HERNANDEZ AGUIRRE, | |
| Defendant. | |

The parties appeared before the Honorable Donna M. Ryu on August 6, 2015 for a detention hearing and again on August 19, 2015 for further detention hearing. Defendant Eduardo Hernandez Aguirre was present and represented by Ellen Leonida. The United States was represented by Special Assistant United States Attorney Kelsey Linnett. The United States requested that defendant be detained pending trial because defendant is a serious flight risk and because no condition or combination of conditions of release would reasonably assure defendant's appearance and the safety of the community. Upon consideration of the parties' proffers, the court file, and the Pretrial Services Report, the Court finds that the government has shown by a preponderance of the ~~clear and convincing~~ evidence that the defendant is a serious flight risk and that no condition or combination of conditions of release would reasonably assure

[PROPOSED] DETENTION ORDER
CR 15-70975 MAG

1 defendant's appearance ~~and the safety of the community~~. See 18 U.S.C. §§ 3142(e) and (f). The Court
2 therefore orders the defendant detained.

3       The Bail Reform Act of 1984, Title 18, United States Code, Sections 3141-50, sets forth the
4 factors which the Court considers in determining whether detention is warranted. In coming to its
5 decision, the Court has considered: (1) the nature and circumstances of the offense charged; (2) the
6 weight of the evidence against the person; (3) the history and characteristics of the person including,
7 among other considerations, employment, past conduct and criminal history, and whether at the time of
8 the current offense or arrest the person was on probation; and (4) the nature and seriousness of the
9 danger to any person or the community that would be posed by the person's release. 18 U.S.C.
10 § 3142(g).

11       In considering all of the facts and proffers presented at the hearing, the Court finds that
12 defendant is a serious flight risk and that no condition or combination of conditions of release would
13 reasonably assure defendant's appearance ~~and the safety of the community~~ because: (1) defendant was
14 arrested in possession of 500 grams of methamphetamine and faces serious drug-trafficking charges
15 with a ten-year mandatory minimum term of imprisonment if convicted; (2) while defendant has some
16 ties to the area, defendant is a Mexican citizen and has a child in Mexico whom he has visited on more
17 than one occasion; ~~(3) defendant has been convicted of one DUI in 2013 and arrested for a second DUI~~
18 ~~in 2014; (4) after being convicted of driving under the influence, defendant failed to complete a~~
19 ~~rehabilitation course as ordered;~~ (3̶5̶) defendant has informal employment that has not been verified; and
20 (4̶6̶) defendant was unable to secure sureties or real property sufficient to reasonably assure his
21 appearance ~~and the safety of the community~~.

22       IT IS HEREBY ORDERED THAT, accordingly, pursuant to Title 18, United States Code,
23 Section 3142:

24       (1) the defendant is committed to the custody of the Attorney General for confinement in a
25 corrections facility;

26       (2) the defendant be afforded reasonable opportunity for private consultation with his counsel;

27       (3) on Order of a court of the United States or on request of any attorney for the government, the
28 person in charge of the corrections facility in which the defendant is confined shall deliver the defendant

to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 19, 2015

_____
HONORABLE DONNA M. RYU
United States Magistrate Judge